UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TURAN RAMADAN, TRISH RAMADAN,

        Plaintiff(s),

vs.

CITY OF NAPA, et al.,

        Defendant(s).

No. C-06-1804 MHP

**ORDER DENYING WITHDRAWAL OF COMPLAINT PENDING DISCOVERY**

    Plaintiffs filed this action on March 8, 2006. Approximately one month later they filed an amended complaint. On October 3, 2006, the parties appeared before the court for a case management conference. At that time a schedule was set for the filing of a motion to amend the complaint, the motion to be filed on November 6, 2006. On that date plaintiffs filed a "Notice of Withdrawal of Plaintiff's [sic] Second Amended Complaint" wherein plaintiffs alleged they had filed a second amended complaint on November 1, 2006. It appears from the docket sheet that a "second amended complaint motion to amend/correct" was filed on November 1, but the docket at #17 states "erroneous entry".

    The reason given for the withdrawal of the complaint is that plaintiffs need to do additional discovery "before representing to the court, the legal sufficiency of the allegations raised ".

    Plaintiffs have it backwards. Plaintiffs must present a legally sufficient complaint before they will be permitted to embark on discovery. Defendants are entitled to test the legal sufficiency by a motion under Federal Rule of Civil Procedure 12(b)(6) without having to respond to or engage

in discovery. The threshold question on such a motion is whether the complaint states a claim upon which relief can be granted. If not, the plaintiff does not get the opportunity to go on a discovery fishing expedition looking for something that will fill in the deficiencies.

This Circuit has been clear on this issue, holding that this position is "unsupported and defies common sense". Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987). The Court went on to state that the first question is whether there is any "reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." Id.

Therefore, the notice to withdraw the second amended complaint is stricken. Plaintiff must either file a motion to amend within twenty (20) days of the date of this order or live with the complaint that is currently on file, namely the amended complaint filed on April 10, 2006.

Date: November 13, 2006

MARILYN HALL PATEL
Judge
United States District Court
Northern District of California

**ENDNOTES**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TURAN RAMADAN, TRISH RAMADAN,

    Plaintiff(s),

vs.

CITY OF NAPA, et al.,

    Defendant(s).

No. C-06-1804 MHP

**ORDER DENYING WITHDRAWAL OF COMPLAINT PENDING DISCOVERY**

    Plaintiffs filed this action on March 8, 2006. Approximately one month later they filed an amended complaint. On October 3, 2006, the parties appeared before the court for a case management conference. At that time a schedule was set for the filing of a motion to amend the complaint, the motion to be filed on November 6, 2006. On that date plaintiffs filed a "Notice of Withdrawal of Plaintiff's [sic] Second Amended Complaint" wherein plaintiffs alleged they had filed a second amended complaint on November 1, 2006. It appears from the docket sheet that a "second amended complaint motion to amend/correct" was filed on November 1, but the docket at #17 states "erroneous entry".

    The reason given for the withdrawal of the complaint is that plaintiffs need to do additional discovery "before representing to the court, the legal sufficiency of the allegations raised ".

    Plaintiffs have it backwards. Plaintiffs must present a legally sufficient complaint before they will be permitted to embark on discovery. Defendants are entitled to test the legal sufficiency by a motion under Federal Rule of Civil Procedure 12(b)(6) without having to respond to or engage

in discovery. The threshold question on such a motion is whether the complaint states a claim upon which relief can be granted. If not, the plaintiff does not get the opportunity to go on a discovery fishing expedition looking for something that will fill in the deficiencies.

This Circuit has been clear on this issue, holding that this position is "unsupported and defies common sense". <u>Rutman Wine Co. v. E. & J. Gallo Winery</u>, 829 F.2d 729, 738 (9th Cir. 1987). The Court went on to state that the first question is whether there is any "reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." <u>Id.</u>

Therefore, the notice to withdraw the second amended complaint is stricken. Plaintiff must either file a motion to amend within twenty (20) days of the date of this order or live with the complaint that is currently on file, namely the amended complaint filed on April 10, 2006.

Date: November 13, 2006

MARILYN HALL PATEL
Judge
United States District Court
Northern District of California

**ENDNOTES**